IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MELISSA ANN UMHEY, | Cause No. CV 20-79-BLG-TJC |
| Plaintiff, | |
| vs. | ORDER |
| ANNAMAE SEIGFRIED DERRICK, et al., | |
| Defendants. | |

On June 10, 2020, Plaintiff Umhey filed a complaint under 42 U.S.C. § 1983 alleging violations of her civil rights under 42 U.S.C. § 1983 (Doc. 2). On October 15, 2020, she was granted leave to proceed in forma pauperis. Defendants Montana Women's Prison and the Montana Department of Corrections were recommended for dismissal, but Defendants Derrick and Kveseth were required to answer (Doc. 5). They did so on December 12, 2020 (Doc. 8).

On December 28, 2020, the Court entered a Scheduling Order (Doc. 9). Both parties were required to file a disclosure statement and produce certain documents on or before February 26, 2021. Defendants complied (Doc. 13), but Umhey failed to respond.

1

On March 10, 2021, United States Magistrate Judge Timothy J. Cavan ordered Umhey to file her disclosure statement by March 26, 2021. See Order (Doc. 14) at 1. Umhey again failed to respond.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor favors dismissal, and the fifth counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed

2

differently in this case.  The Court will consider factors two, three, and four.

*Docket Management.*  On December 28, 2020, the Court issued a detailed scheduling order explaining what Umhey must do to advance her case.  Other plaintiffs have attempted in good faith to comply with their scheduling orders.  The Court's time and resources should be directed to them.  This case interferes with and takes time away from those cases.  The second factor, concerning docket management, weighs in favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

*Prejudice.*  Plaintiff's inaction, and particularly her failure to file her disclosure statement, interferes with Defendants' ability to conduct discovery and proceed to trial.  The third factor weighs in favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

*Alternatives.*  No viable alternatives to dismissal appear.  The Court has already provided Umhey the opportunity to rejoin the action.  This factor weights in favor of dismissal.

Courts exist to resolve disputes on the merits.  Here, however, Umhey has essentially abandoned the action.  The other four *Pagtalunan* factors counsel dismissal.

3

Accordingly, IT IS ORDERED:

1. The Findings and Recommendation of October 15, 2020 (Doc. 5), is MOOT.

2. This case is DISMISSED for failure to prosecute.

3. The clerk shall enter, by separate document, a judgment of dismissal.

4. The Court CERTIFIES that any appeal from this disposition would not be taken in good faith, as Umhey's nonparticipation constitutes abandonment of the action.

DATED this 12th day of April, 2021.

Susan P. Watters
United States District Court

4